Torrance L. Coburn
TIPP COBURN SCHANDELSON PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT  59806-3778
Telephone:  (406) 549-5186
Facsimile:  (406) 721-1892
torrance@tcsattorneys.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SARA HAMILTON,<br><br>Plaintiff,<br><br>vs.<br><br>GLAXOSMITHKLINE, LLC,<br><br>Defendant. | Cause No.<br><br><br><br>**COMPLAINT and<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Sara Hamilton ("Hamilton"), and for her Complaint against the Defendant, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act ("ADA) (42 U.S.C. § 12201 et seq.) and the Montana Human Rights Act (Mont. Code Ann. § 49-2-303 et seq.). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because some of the claims arise under the laws of the United States.

2. This Court also has supplemental jurisdiction over Hamilton's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are part of the same case and controversy as the federal claims.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the acts and/or omissions giving rise to the claims occurred in Ravalli County, Montana.

## PARTIES

4. The Plaintiff, Sara Hamilton, is a resident of the State of Montana, Ravalli County.

5. The Defendant, GlaxoSmithKline, LLC ("GSK"), is a Delaware limited liability company, with its principal office located at 5 Crescent Drive, Philadelphia, Pennsylvania 19112.  GSK has been and continues to do business in Montana and is authorized to do business in Montana.   The registered agent for GSK is Corporation Service Company, located at 26 W. Sixth Avenue, Helena, MT 59624-1691.

6.  GSK operates a facility in Hamilton, Montana.

## GENERAL ALLEGATIONS

7. Beginning in October 2008, Hamilton became employed by GSK at its facility in Hamilton, Montana as the Clinical Coordinator/Occupational Health Nurse.

8. During the course of her employment with GSK, Hamilton performed the duties of her employment in a reasonable and satisfactory manner. Moreover, good cause did not exist to terminate Hamilton's employment with GSK.

9. In August 2016, Hamilton began experiencing gastritis. Due to the gastritis, Hamilton was required to take medical leave from her position, beginning on September 7, 2016, as Hamilton's physicians would not release her to return to work without accommodations.

10. Hamilton has a disability as defined by the ADA and the Montana Human Rights Act, in that she has "a physical or mental impairment that substantially limits one or more of a person's major life activities."

11. Hamilton presented the accommodations recommended by her physicians to GSK and requested GSK accommodate her disability.

12. Despite Hamilton's disability and request for accommodation, GSK refused to accommodate Hamilton. Moreover, GSK refused to engage in the interactive process required by the ADA, and simply denied Hamilton's request for accommodation.

13. During the course of Hamilton's employment with GSK and continuing after her requests for accommodation, Hamilton was subjected to harassment and a hostile work environment.

14. Instead of engaging in the interactive process required by the ADA and providing accommodations for Hamilton's disability, GSK terminated Hamilton's employment on March 20, 2017.  GSK terminated Hamilton's employment because of her disability.  Furthermore, it is believed that GSK's termination of Hamilton's employment was also in retaliation for her engaging in protected activities.

15. Hamilton was a "qualified individual" as defined by the ADA and the Montana Human Rights Act.

16. At the time of her termination by GSK, Hamilton earned a base yearly salary of $85,353.00.

17. Hamilton timely filed her complaint alleging discrimination with the Montana Human Rights Bureau and the EEOC.

18. The Montana Human Rights Bureau issued a Notice of Right to File Civil Action in District Court on December 12, 2017.  Hamilton's Complaint in this Court has been timely filed.

**COUNT ONE – FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

19. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

20. By refusing to engage in the interactive process required by the ADA and failing to provide reasonable accommodations to Hamilton, GSK engaged in illegal discrimination in violation of the Americans with Disabilities Act.

21. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

22. GSK's above-described violation of the ADA was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result.  Therefore, GSK is liable to Hamilton for punitive damages.

**COUNT TWO – FAILURE TO ACCOMMODATE IN IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT**

23. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

24. By refusing to engage in the required interactive process and failing to provide reasonable accommodations to Hamilton, GSK engaged in illegal discrimination in violation of the Montana Human Rights Act, Montana Code Annotated § 49-2-101 et seq.

25. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

26. GSK's above-described violation of the Montana Human Rights Act was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result. Therefore, GSK is liable to Hamilton for punitive damages.

### COUNT THREE – DISCRIMINATORY TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

28. By refusing to engage in the interactive process required by the ADA and instead terminating Hamilton because of her disability, GSK engaged in illegal discrimination in violation of the Americans with Disabilities Act.

29. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

30. GSK's above-described violation of the ADA was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result.  Therefore, GSK is liable to Hamilton for punitive damages.

## COUNT FOUR – DISCRIMINATORY TERMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

31. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

32. By refusing to engage in the required interactive process and instead terminating Hamilton because of her disability, GSK engaged in illegal discrimination in violation of the Montana Human Rights Act.

33. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

34. GSK's above-described violation of the Montana Human Rights Act was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result.  Therefore, GSK is liable to Hamilton for punitive damages.

## COUNT FIVE – RETALIATORY TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

35. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

36. By terminating Hamilton's employment because she engaged in a protected activity, GSK engaged in illegal discrimination in violation of the Americans with Disabilities Act.

37. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

38. GSK's above-described violation of the ADA was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result.  Therefore, GSK is liable to Hamilton for punitive damages.

## COUNT SIX – RETALIATORY TERMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

39. Hamilton realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

40. By terminating Hamilton's employment because she engaged in a protected activity, GSK engaged in illegal discrimination in violation of the Montana Human Rights Act.

41. Hamilton has suffered damages as a result of GSK's illegal discrimination, and is entitled to recover general and special damages in an amount to be proven at trial.

42. GSK's above-described violation of the Montana Human Rights Act was intentional and was done with malice and/or reckless indifference to Hamilton's rights and the injuries she suffered as a result.  Therefore, GSK is liable to Hamilton for punitive damages.

WHEREFORE, Plaintiff requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under both the Americans with Disabilities Act and the Montana Human Rights Act;

B. Grant the Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice that discriminates on the basis of disability or is otherwise in violation of the Americans with Disabilities Act and/or the Montana Human Rights Act;

C. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity.

D. Order the Defendant to compensate the Plaintiff for all general and special damages suffered by Plaintiff as a result of the Defendant's actions as alleged above;

E. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice;

F. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

G. For Plaintiff's costs and attorneys' fees incurred herein;

H. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

DATED this 9th day of March, 2018.

TIPP COBURN SCHANDELSON PC

By: /s/ Torrance L. Coburn
Torrance L. Coburn
2200 Brooks Street
P.O. Box 3778
Missoula, MT 59806-3778
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 9th day of March, 2018.

TIPP COBURN SCHANDELSON PC

By: /s/ Torrance L. Coburn
Torrance L. Coburn
*Attorneys for Plaintiff*